Zheng v. Garland

BIA
Sponzo, IJ
A202 042 632

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT:
>JOSÉ A. CABRANES,
>RICHARD C. WESLEY,
>EUNICE C. LEE,
>>*Circuit Judges.*

_____

MINGHUA ZHENG,
>*Petitioner,*

v.                                                          **21-6347**
                                                            **RAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:                    Mike P. Gao, Law Offices of Mike P. Gao, P.C. Flushing, NY.

**FOR RESPONDENT:**                    Brian Boynton, Principal Deputy Assistant
                                       Attorney General; Carl McIntyre, Assistant
                                       Director; Margaret A. O'Donnell, Trial
                                       Attorney, Office of Immigration Litigation,
                                       United States Department of Justice,
                                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Minghua Zheng, a native and citizen of the People's Republic of China, seeks review of a May 14, 2021, decision of the BIA affirming an August 6, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Minghua Zheng,* No. A202 042 632 (B.I.A. May 14, 2021), *aff'g* No. A202 042 632 (Immigr. Ct. N.Y.C. Aug. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review factual findings

2

for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An asylum applicant must establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "To show that persecution . . . is on account of political opinion, an asylum applicant must demonstrate that a persecutor's motive to persecute arises from the asylum applicant's *political belief*, or from a political belief imputed to h[er] by the persecutor," *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 196 (2d Cir. 2021) (brackets, quotation marks, and citations omitted), "regardless of whether or not this imputation is accurate," *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). "[P]olitical opinions may be intertwined with ostensibly non-political issues – so that evaluating what constitutes a political opinion for asylum purposes involves a complex and contextual factual inquiry into the nature of the asylum applicant's activities in relation to the political context in which the dispute took place." *Zelaya-Moreno*, 989 F.3d at 196 (quotation marks omitted).

We grant the petition and remand as to asylum and withholding of removal. The agency concluded that "prosecution is not persecution" and that the police

3

were motivated by "the illegality and criminality" of Zheng's actions, but did so in the absence of evidence that what Zheng experienced was legitimate prosecution. "As a rule, the enforcement of generally applicable law cannot be said to be on account of the offender's political opinion, even if the offender objects to the law." *Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010). "At the same time, prosecution that is pretext for political persecution is not on account of law enforcement." *Id*. "Facts must be carefully sifted in context to ascertain whether there is a sufficient political element to the alleged persecution." *Id*. at 167.

Here, the agency did not "carefully sift[]" through the facts and thus failed to properly consider whether the harm Zheng suffered after providing assistance to North Korean refugees was on account of her political opinion or imputed political opinion. *Id*. Zheng credibly testified that she worked in concert with a Yanbian church, founded by South Korean missionaries, to assist multiple groups of North Korean refugees from 2011 to 2013. Her repeated assistance was directed towards strangers, not her relatives, supporting an inference that she held a political motive. *See id.* at 168. While Zheng testified that her actions were motivated by compassion, rather than an overtly political motivation, "a government might construe violation of a law as opposition or resistance to the law's underlying policy, and punish it accordingly." *Id.* at 167.

4

During her multi-day detainment, Zheng expressed her humanitarian motives to her interrogators. After expressing these motives, Zheng was subjected to intense questioning concerning her relationship and knowledge of the Yanbian church. Zheng's denial of knowledge of the church to investigators was met with escalating physical abuse. While detained, Zheng was not brought before a judge or formally charged with a violation of a criminal law. In sum, the agency failed to consider facts that we have previously held, in cases like *Jin Jin Long*, 620 F.3d at 167, to support an inference that Zheng was persecuted on account of her political opinion or imputed political opinion.

In addition, the agency did not discuss evidence of the more nuanced and politicized nature of Chinese authorities' treatment of North Korean refugees and the individuals who assist them. For example, a 2007 Congressional Report provides that China is a signatory to multiple United Nations Refugee Conventions and Protocols obliging it to not expel refugees to a country where the refugee's life or freedom may be threatened, but reports that China routinely expels migrants to North Korea pursuant to a treaty with North Korea and refuses to give the United Nations access to its northeast regions where most encounters with North Koreans occur. Yet, "Chinese officials have generally . . . tolerat[ed] the inflows of refugees and the activities of foreign NGO's so long as such activities

were carried out quietly."   But on the other hand, from "time to time" authorities will arrest and repatriate North Korean migrants and punish organizations and individuals aiding them in high profile operations to discourage similar behavior. The U.S. State Department similarly reports that in 2014 Chinese guides and those who provide food and shelter to defectors are "arrested and detained" with some "charged with human smuggling."

We "require[] a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim."   *Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010) (quotation marks and citation omitted).   And we have remanded where the agency "ignore[d] the underlying political context of [a] dispute."   *Osorio v. INS*, 18 F.3d 1017, 1030 (2d Cir. 1994); *see also Castro*, 597 F.3d at 106 (remanding where the BIA and IJ "embraced an impoverished view of what political opinions are, especially in a country . . . where certain democratic rights have only a tenuous hold" (quotation marks and citation omitted)).   We have approved of the BIA's totality of the circumstances analysis for discerning persecutory motives, and on remand, the agency should consider that non-exhaustive list of factors.   *See Vumi v. Gonzales*, 502 F.3d 150, 157–58 (2d Cir. 2007).

Lastly, the BIA erred in finding that Zheng waived her withholding claim. Zheng's brief to the BIA challenged the IJ's denial of asylum *and* withholding of removal, and the IJ denied both forms of relief on the same basis, the lack of a nexus to a protected ground. *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). We do not reach Zheng's CAT claim because she did not challenge it on appeal to the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reaffirming that issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further consideration consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7